AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| HARRISON HOLLAND FRITH, a/k/a "Harry Gearman," a/k/a "Copeguy" | ) ) ) ) ) | Case No.  3:21-mj-1295-JBT |
| Defendant(s) | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __April 2021__ in the county of __St. Johns__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252(a)(2) | Receipt of visual depictions using any means and facility of interstate and foreign commerce by any means, that is via the internet, the production of which involved the use of a minor engaging in sexually explicit conduct |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Benjamin J. Luedke
Printed name and title

Sworn to before me and signed in my presence.

Date: 05/18/2021

_____
Judge's signature

City and state:  Jacksonville, Florida

Joel B. Toomey, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Benjamin J. Luedke, being duly sworn, state as follows:

1. I am a Special Agent (S/A) with Homeland Security Investigations (HSI), the investigative arm of Immigration and Customs Enforcement (ICE), formerly known as the United States Customs Service. I have been assigned to the Office of the Assistant Special Agent in Charge, Jacksonville, Florida since August 2007. Prior to that, I was assigned to the Blaine, Washington office, beginning in July of 2002. I am a law enforcement officer of the United States and am thus authorized by law to engage in or supervise the prevention, detection, investigation or prosecution of violations of federal criminal law. I am responsible for enforcing federal criminal statutes under the jurisdiction of HSI, including violations of law involving the exploitation of children. I have attended the Basic Criminal Investigator School and the United States Immigration and Customs Enforcement Academy at the Federal Law Enforcement Training Center in Brunswick, Georgia, and I have received training in the area of Customs laws. In my capacity as a Special Agent, I have participated in numerous types of investigations during which I have conducted or participated in physical surveillance, undercover transactions and operations, historical investigations, extradition cases and other complex investigations. Prior to my employment with HSI, I worked as a federal police officer with the U.S. Capitol Police from June 2000 to March 2002. Since becoming a

1

Special Agent, I have worked with experienced Special Agents and state and local law enforcement officers who also investigate child exploitation offenses.

2. I have investigated and assisted in the investigation of criminal matters involving the sexual exploitation of children that constituted violations of 18 U.S.C. §§ 2251, 2252, 2252A, 2422, and 2423, among others, as well as Florida state statutes that criminalize sexual activity with minors and other methods of child sexual exploitation. In connection with such investigations, I have served as case agent and have served as an undercover agent in online child exploitation cases. During the course of my investigations, I have worked closely with members of the local child exploitation task force comprised of agents and officers from HSI, the Federal Bureau of Investigation (FBI), the Florida Department of Law Enforcement (FDLE), the Jacksonville Sheriff's Office (JSO), the St. Johns County Sheriff's Office (SJSO), and the Clay County Sheriff's Office (CCSO), among other agencies. These agencies routinely share information involving the characteristics of child sex offenders as well as investigative techniques and leads. As a federal agent, I am authorized to investigate and assist in the prosecution of violations of laws of the United States, and to execute search warrants and arrest warrants issued by federal and state courts.

3. The statements contained in this affidavit are based on my personal knowledge as well as on information provided to me by other law enforcement officers. This affidavit is being submitted for the limited purpose of establishing

2

probable cause for the filing of a criminal complaint, and I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause that Harrison Holland FRITH has committed violations of 18 U.S.C. § 2252(a)(2) (receipt of visual depictions using any means and facility of interstate and foreign commerce by any means, that is via the internet, the production of which involved the use of a minor engaging in sexually explicit conduct).

4. This affidavit is made in support of a complaint against Harrison Holland FRITH, that is, in or about April 2021, in St. Johns County, in the Middle District of Florida, and elsewhere, FRITH did knowingly receive visual depictions using any means and facility of interstate and foreign commerce by any means, that is via the internet, when the production of the visual depictions involved the use of a minor engaging in sexually explicit conduct and the visual depictions were of such conduct, in violation of 18 U.S.C. § 2252(a)(2).

5. On May 14, 2021, I applied for and obtained a federal search warrant for the premises located at 440 Timberwalk Court, Unit 926, Ponte Vedra Beach, FL 32082, which I believed to be occupied by FRITH. A copy of the application and warrant is attached hereto as Exhibit A, and the facts and information contained therein are hereby incorporated by reference.

6.  On May 18, 2021, HSI Jacksonville Special Agents, along with Saint Johns County Sheriff's Office (SJSO) Detectives, and Clay County Sheriff's Office Detectives, executed the aforementioned search warrant at approximately 6:30 a.m. at 440 Timberwalk Court, Unit 926, Ponte Vedra Beach, FL 32082.

7.  During the search of FRITH's residence, HSI special agents discovered a Microsoft Surface laptop on the coffee table in the living room. A Memorex 64 GB thumb drive was connected to the Microsoft Surface laptop. I later learned from HSI S/A and Computer Forensic Analyst (CFA) James Greenmun that during examination, he discovered the Microsoft Surface laptop was manufactured in China.

8.  A preliminary examination of the Memorex thumb drive conducted on scene by S/A Greenmun during the execution of the search warrant revealed multiple files of child pornography resident on the Memorex thumb drive. Two such videos files that I have reviewed and that have a create date of April 29, 2021, were resident on the Memorex thumb drive and are described as follows:

FILE NAME: Baby & Man.avi

DESCRIPTION: This is a color video, with sound, and approximately 2:23 seconds long. In the beginning of the video, a small child with a diaper on is laying on a bed. The upper half of the child's body is covered with pillows. What appears to be an adult undoes the diaper thereby exposing the male child's genitals. The adult male then begins to use his hand to perform masturbation on the child's penis. The video then changes to a different scene in which the same child is on his knees with his bare buttocks in the air. The

4

adult then begins to use his hand to rub and digitally penetrate the child's anus. The adult male then penetrates the child's anus with his penis. I believe this to be a child based on the overall size of the child's torso, pelvic, and genital region, lack of pubic hair and child-like body size.

Based on my training and experience, I believe the file depicts at least one minor engaged in sexually explicit conduct, and therefore constitutes child pornography pursuant to 18 U.S.C. § 2256.

FILE NAME: 2 yo sleeping naked boy wanked by man awesome best home video.avi

DESCRIPTION: This is a color video, with sound, approximately 2:54 seconds long. In the beginning of the video, a completely nude male child is laying on what appears to be a bed and appears to be asleep. Someone is operating the video camera and moves it closer to the child, in particular his bare penis, and zooms in and out. The video then shows a close-up of what appears to be the person operating the camera using his or her hand to perform masturbation on the child's penis. The person who appears to be operating the camera stops and starts the masturbation when the child appears to stir. I believe this to be a child based on the overall size of the child's body, and genital region, lack of pubic and body hair, and child-like body size.

Based on my training and experience, I believe the file depicts at least one minor engaged in sexually explicit conduct, and therefore constitutes child pornography pursuant to 18 U.S.C. § 2256.

9. During the execution of the search warrant, I made contact with FRITH along with SJSO Det. Kroul. After being advised of and waiving his *Miranda* rights, FRITH agreed to speak with us. I recorded the interview. Among other things, FRITH provided the following information:

FRITH acknowledged that he has lived at his current address for approximately three years and nobody else has lived with him. FRITH acknowledged his phone number is 904-885-6657, and he has email addresses of hhfrith@gmail.com, gearman29@yahoo.com, hhfrith@me.com, and copeguy81@gmail.com. FRITH acknowledged the Microsoft laptop, as well as several thumb drives in the residence, are his. FRITH acknowledged he has a Skype account, has used Telegram, and has "used Mega links before." FRITH acknowledged there would be some "probably not appropriate things that have slowly worked their way in there." When asked to explain, FRITH stated "underage age things that don't look appropriate for visual purposes." When asked the ages of the child sexual abuse material (CSAM) on his devices, FRITH stated "it's across the board unfortunately." FRITH acknowledged receiving CSAM via Mega links. FRITH acknowledged being in Zoom and RingCentral video meetings and acknowledged CSAM videos were played while in the meetings. FRITH acknowledged that at least once per month, minimum, he joins video chat rooms, does drugs, masturbates, and views CSAM files. FRITH acknowledged CSAM files would be found on his devices. FRITH estimated fifty (50) CSAM files would be found on his Microsoft Surface laptop. FRITH acknowledged being in a Telegram chatroom and, when asked if he viewed CSAM files within the Telegram

6

chatroom, stated, "I'm sure I have." FRITH acknowledged receiving CSAM files "off and on, every two weeks," and acknowledged it is fair to say he willingly did so. FRITH acknowledged requesting specific CSAM files by age and when asked what age he requested, he stated "8." FRITH acknowledged masturbating to CSAM files. FRITH acknowledged viewing CSAM files involving toddlers and stated, "I've seen it and it's awful." FRITH acknowledged he has heard confusion, crying, and pain from the children involved in the CSAM files. FRITH acknowledged viewing CSAM "last night" and, prior to that, 2-3 days ago. FRITH acknowledged viewing CSAM at least twice per week over the last month. FRITH acknowledged downloading CSAM files onto his computer. FRITH acknowledged expressing his sexual interest in children during on-line chats, while high on drugs, and stated "that's been in a throng of drug highs of pulling things of darkness out of me that I thought never existed." When asked about Mega, FRITH stated, "Mega is an unfortunate service that allows me to partake in very questionable things" to include viewing CSAM. FRITH acknowledged distributing Mega links to other people that "unfortunately" probably contained CSAM.

## CONCLUSION

10. Based upon the foregoing facts, and including those facts set forth in Exhibit A, I have probable cause to believe that, in or about April 2021, Harrison Holland FRITH committed the following violation of federal law: knowing receipt of visual depictions using any means and facility of interstate and foreign commerce by any means, that is via the internet, when the production of the visual depictions involved the use of a minor engaging in sexually explicit conduct and the visual depictions were of such conduct, in violation of 18 U.S.C. § 2252(a)(2).

Benjamin J. Luedke, Special Agent
Homeland Security Investigations

Sworn to before me this
this __19__ day of May, 2021

Joel B. Toomey
United States Magistrate Judge